UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AIR ALLIANCE HOUSTON )<br>3914 Leeland St. )<br>Houston, TX  77003; )<br>)<br>PUBLIC EMPLOYEES FOR )<br>ENVIRONMENTAL RESPONSIBILITY )<br>962 Wayne Ave., Suite 610 )<br>Silver Spring, MD  20910; )<br>)<br>LOUISIANA BUCKET BRIGADE )<br>2803 Saint Phillip St. )<br>New Orleans, LA  70119; )<br>)<br>UNITED SUPPORT AND MEMORIAL )<br>FOR WORKPLACE FATALITIES )<br>333 W. Chadderton )<br>Lincoln, NE 68521; )<br>)<br>DR. NEIL CARMAN, PH.D. )<br>2 Crystal Creek Trail )<br>Austin, TX  78737 )<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>)<br>U.S. CHEMICAL SAFETY AND )<br>HAZARD INVESTIGATION BOARD )<br>1750 Pennsylvania Ave. NW, Suite 910 )<br>Washington, D.C. 20006 )<br>)<br>*Defendant,* )  | Civil Action No. 17-2608<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.  Plaintiffs bring this action for declaratory and injunctive relief to require the

Defendant, the U.S. Chemical Safety and Hazard Investigation Board ("CSB"), to

1

promulgate regulations for accidental chemical release reporting as statutorily required by the 1990 amendments to the Clean Air Act ("CAA"), 42 U.S.C. § 7412(r)(6)(C)(iii).

2. Plaintiffs include public interest organizations dedicated to ensuring accidental chemical releases are reported to (1) better inform both the CSB and the public about accidental releases in order to analyze trends and prevent future accidents; (2) better ensure the safety of government and private sector employees, as well as the public who live and work in nearby areas, by providing information regarding the chemicals released from plants so that adequate safety measures may be taken; (3) provide the CSB with more timely and accurate information in order to assess whether a field investigation is warranted; and (4) enable the CSB to make more timely decisions concerning provisions that may be needed to secure preservation of evidence at accident sites.

3. Plaintiffs claim that the CSB's prolonged failure to implement reporting regulations violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), by unlawfully withholding or unreasonably delaying agency action required by statute. *See* 42 U.S.C. § 7412(r)(6)(C)(iii).

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question) and the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. This Court has the authority to award costs, expenses and attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

6. Venue is properly vested in this court under 28 U.S.C. § 1391(e) because the Defendant resides in this district, a Plaintiff is incorporated in this district, and because a substantial part of the acts and omissions giving rise to this claim occurred in this district.

7. The United States has waived sovereign immunity with respect to the claims raised herein under 5 U.S.C. § 702.

## PARTIES AND STANDING

8. Plaintiff Air Alliance Houston ("AAH") is a non-profit environmental advocacy group that works to reduce air pollution and other health and safety threats, including those from chemical disasters, within the Houston, Texas area. AAH protects public health and environmental integrity through applied research, education, and advocacy efforts focused heavily on the Houston Ship Channel area, which includes areas where many oil refineries are located, along with other facilities that store and use chemical substances. It is part of AAH's core mission to provide services to concerned residents in these communities exposed to and affected by releases of chemicals into the community, in the form of information and assistance to educate them about their exposure, and to help them protect themselves and their families from these health and safety threats when possible, as well as to seek and work for stronger health and safety protections, including from chemical disasters at nearby facilities.

9. Plaintiff Public Employees for Environmental Responsibility ("PEER") is a nonprofit organization incorporated in the District of Columbia and headquartered in Silver Spring, MD. It is a national alliance of local, state and federal resource professionals. PEER's articles of incorporation declare its mission to include educating the public and speaking out, as well as defending those who speak out, about environmental ethics and compliance with environmental laws. PEER works nationwide with government scientists, land managers, environmental law enforcement agents, field

specialists, and other resource professionals committed to responsible implementation of America's environmental laws.

10. Plaintiff Louisiana Bucket Brigade ("LBB") is a 501(c)(3) nonprofit environmental health and justice organization that works with communities that neighbor Louisiana's oil refineries and chemical plants. It is involved in regular visits with community partners several times every month and handles complaints from residents concerning illness and anxiety caused by exposure to industrial chemical releases. LBB's founding director is personally impacted as she has been exposed to chemical releases during these regular community visits.

11. Plaintiff United Support and Memorial for Workplace Fatalities ("USMWF") is a nonprofit organization that offers support, guidance, and resources to those affected by preventable work-related deaths or serious injuries, including those within oil refineries and chemical plants.  USMWF works directly with families that have been affected by preventable workplace related incidents and has firsthand understanding of the everlasting effect that tragic injuries and fatalities have on families.

12. Plaintiff Neil Carman, Ph.D, is a chemist and the Clean Air Program Director for the Texas Sierra Club. He has focused on industrial plant air pollution and chemical safety issues for the last twenty-five years and previously spent twelve years with the Texas Council on Environmental Quality as a state air pollution inspector. Through his employment with the Sierra Club, Dr. Carman evaluates air toxics monitoring around industrial sources and works with community members surrounding large industrial plants, including review of emissions and technical data on industrial sources of air pollution and their impacts on communities of color and low-income neighborhoods.

Through this work he regularly interacts with state, federal, and industry stakeholders concerning chemical safety.

13. The CSB is "an independent federal agency charged with investigating industrial chemical accidents." Mission, U.S. Chemical Safety Board, (last visited Sept. 24, 2017), *available at* http://www.csb.gov/about-the-csb/mission/.

14. Among its statutory duties, the CSB "shall…establish by regulation requirements binding on persons for reporting accidental releases into the ambient air subject to the Board's investigatory jurisdiction." 42 U.S.C. § 7412(r)(6)(C)(iii).

## FACTS

15. The Clean Air Act ("CAA") 1990 Amendments were responsible for creating the CSB and providing its statutory duties. 42 U.S.C. § 7412(r)(6)(A).

16. 42 U.S.C. § 7412(r)(6)(C)(iii) provides that the CSB "shall…establish by regulation requirements binding on persons for reporting accidental releases into the ambient air subject to the Board's investigatory jurisdiction." 42 U.S.C. § 7412(r)(6)(C)(iii).

17. In addition to the CAA amendments, Sen. Rep. No. 101–228 listed CSB's five "enumerated duties." Among those duties is to "establish requirements for reporting accidents…" S. Rep. No. 101–228, at 230-31 (1989).

18. Despite this statutory requirement, CSB has failed to promulgate a regulation regarding chemical release reporting.

19. The CSB has acknowledged but has not executed this statutory mandate in the 27 years since the enactment of the 1990 Clean Air Act Amendments. In 2009, CSB published an advance notice of proposed rulemaking, "Chemical Release Reporting."

Chemical Safety and Hazard Investigation Board, Chemical Release Reporting, 74 Fed. Reg. 30259 (June 25, 2009). In the advanced notice, the CSB described the Chemical Release Reporting regulation as being "require[d]" by the Clean Air Act, 74 Fed. Reg. 30259, and "recognize[d] that a reporting regulation is clearly required by the statute." *Id*. at 30260.  CSB sought to obtain comments on how best to address the statutory requirement to report accidental releases to the CSB or the National Response Center. *Id*. at 30259.  While 27 comments were received, CSB has not taken further action to promulgate a regulation since 2009.

20. Four separate independent reviews have cited the lack of a reporting regulation – in 2004 by the Office of Inspector General of the U.S. Department of Homeland Security ("DHS OIG"), in 2008 by the U.S. Government Accountability Office ("GAO"), and in 2011 and 2016 by the Office of Inspector General of the U.S. Environmental Protection Agency ("EPA OIG").

21. In 2004, DHS OIG concluded the CSB "has intentionally refrained from meeting its responsibility to publish a regulation on accident reporting." U.S. DEPT. OF HOME. SEC. OFF. OF INSP. GEN., *A Report on the Continuing Development of the U.S. Chemical Safety and Hazard Investigation Board*, OIG-04-04 1 (2004), *available at* https://www.oig.dhs.gov/assets/Mgmt/OIG_04_04_CSB_Continuing_Development.pdf.

22. In 2008, GAO recommended that CSB follow through with a reporting regulation, reiterating that the rule is "required by CSB's authorizing statute."  U.S. GOV. ACCOUNTABILITY OFFICE, *Chemical Safety Board: Improvements in Management and Oversight Are Needed*, GAO-08-864R Chemical Safety Board 4, 11 (2008), *available at* http://www.gao.gov/assets/100/95697.pdf.

23. EPA OIG in its 2011 report continued to recommend developing and publishing an accident reporting regulation, as required by the Clean Air Act. The report noted that in response, CSB had agreed to publish a proposed rule on accident reporting by September 30, 2011. U.S. ENV. PROT. AGENCY OFF. OF INSP. GEN. *Chemical Safety and Hazard Investigation Board Did Not Take Effective Corrective Actions on Prior Audit Recommendations* Rep. No. 11-P-0115 8 (2011), *available at* https://www.epa.gov/sites/production/files/2015-10/documents/20110215-11-p-0115.pdf. However, no such proposed rule was forthcoming.

24. In 2016, EPA OIG published a report identifying management challenges at the CSB. This report reiterated that CSB should establish a chemical reporting regulation as required by the 1990 CAA Amendments. The report noted that CSB had taken the position that it received adequate incident notifications without a rule. U.S. ENV. PROT. AGENCY OFF. OF INSP. GEN., *FY 2016: U.S. Chemical Safety and Hazard Investigation Board: Management Challenges* 16-N-0221 6-7, (2016), *available at* https://www.epa.gov/sites/production/filAugust and es/2016-06/documents/20160629-16-n-0221.pdf.

25. The absence of a regulation has negatively impacted accidental release investigations and responses, most recently in August and September 2017, when the Arkema chemical plant in Houston experienced chemical fires and explosions as a result of flooding from Hurricane Harvey.

26. On September 7, 2017, first responders filed a petition against Arkema, Inc. in State District court alleging that no one was aware of the dangerous properties of chemicals released during the fires and explosions, and as result of being in close

proximity, first responders began experiencing adverse health symptoms and were rushed to nearby hospitals. *Graves v. Arkema, Inc.*, No. 2017-58465 (Tex. Dist. 333, Sept. 7, 2017), Pet. at 8.

27. On October 3, 2017, 15 plaintiffs filed a class action complaint against Arkema, Inc. in the United States District Court for the Southern District of Texas alleging that Arkema "could have prevented or avoided th[e] accident with better precautionary measures, compliance with applicable regulations, and the use of reasonable care." *Wheeler v. Arkema France S.A. & Arkema, Inc.*, No. 4:17-cv-2690 (S.D. Tex. Oct. 3, 2017), Compl. at 4.

## STATUTORY BACKGROUND

**A. Clean Air Act – Chemical Safety Board**

24. The Chemical Safety Board was created by the 1990 amendments to the Clean Air Act. 42 U.S.C. § 7412(r)(6).

25. The CSB "shall…establish by regulation requirements binding on persons for reporting accidental releases into the ambient air subject to the Board's investigatory jurisdiction." 42 U.S.C. § 7412(r)(6)(C)(iii).

26. "The Administrator is authorized to enforce any regulation or requirements established by the Board pursuant to subparagraph [5 U.S.C. § 7412(r)(6)] (C)(iii) using the authorities of sections 7413 and 7414 of [the CAA]." 5 U.S.C. § 7412 (r)(6)(O).

**B. Administrative Procedure Act**

27. The Administrative Procedure Act ("APA") authorizes suit by "a person suffering legal wrong because of agency action." 5 U.S.C. § 702.

28. The APA makes final agency action subject to judicial review, 5 U.S.C. § 704, and authorizes courts reviewing agency action to hold unlawful and set aside final agency action, findings and conclusions that are arbitrary and capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A).

29. Agency action under the APA is defined to include the "…failure to act." 5 U.S.C. § 551(13).

30. The APA directs courts to compel agency action unlawfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

## CLAIMS FOR RELIEF

### Count I – Violation of the Administrative Procedure Act

31. Plaintiffs re-allege and incorporate by reference each and every allegation in the preceding paragraphs.

32. The APA allows a plaintiff to sue to compel agency action unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1).

33. The failure to promulgate a regulation requiring chemical release reporting in accordance with 42 U.S.C. § 7412(r)(6)(C)(iii) is agency action unlawfully withheld in violation of 5 U.S.C. § 706(1).

34. The failure to promulgate a regulation requiring chemical release reporting in accordance with 42 U.S.C. § 7412(r)(6)(C)(iii) is agency action unreasonably delayed in violation of 5 U.S.C. § 706(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the court to order the following relief:

A.  Declare that Defendant has violated the APA, 5 U.S.C. § 706(1), providing that agency actions must not be unreasonably delayed or unlawfully withheld, by failing to promulgate regulations regarding accidental chemical release reporting.

B.  Order the Defendant to finalize a regulation requiring reporting of all accidental chemical releases to the CSB that would be subject to the Board's investigatory jurisdiction, including the prompt public posting of that information, no later than 18 months from the Court's order.

C. Award Plaintiffs their reasonable litigation expenses, including attorneys' fees, court costs and other expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

D. Grant such additional relief as the Court deems just and proper.

Dated: December 7, 2017

Respectfully submitted,

\_\_//s//_____
Paula Dinerstein
D.C. Bar No. 333971
Public Employees for Environmental Responsibility
962 Wayne Ave., Suite 610
Silver Spring, MD 20910
202-265-7337 (tel)
202-265-4192 (fax)
pdinerstein@peer.org